HALL, Judge.
Indian Lake Maintenance, Inc. challenges the final judgment entered in its action for delinquent payment of maintenance fees. It contends that the trial court erred in awarding it less than it believes it is entitled. We agree.
The appellant is the owner of covenants on lots in Indian Lake Estates. The covenants require the owners of the lots to pay annual maintenance fees to the appellant for the upkeep of, among other things, the streets, the golf course, and the clubhouse.
The appellee, Oxford First Corporation, held record title to many of the lots at Indian Lake Estates, some of which were sold to individual purchasers or in bulk under agreements for deeds. The agreements for deeds were not recorded. The appellee requested that the appellant bill the purchasers of the lots for the maintenance fees directly. The appellant never received most of the payments for maintenance from the purchasers and informed the appellee, the record title holder, of the nonpayment.
In 1986, the appellant searched the records and learned that the appellee still held title to aproximately 400 lots. The appellant then billed the appellee for all the unpaid maintenance fees. The appellee refused to pay the maintenance fees on the ground that the fees were due from the individual land purchasers, though record title did not pass to them until the balance on the lots were paid in full.
This matter came before the trial court based upon a pretrial stipulation in which the parties agreed that the only remaining legal issues for the trial court’s determination were:
(1) whether the claim for collection of delinquent maintenance fees had been brought within the time prescribed by law, or were there facts that would toll the statute,
(2) whether Defendant is liable for delinquent maintenance fees on a lot which has been sold to a purchaser under an agreement for deed in recordable form.
The stipulation further provided that the case would go to trial on the complaint. The appellee answered and filed its affirmative defenses dated January 17, 1989.
After a one-day bench trial, the court entered a final judgment in which it found that:
(1) Under Florida law, an agreement or contract for deed is the functional equivalent of a land sale accomplished by delivery of a deed secured by a mortgage and promissory note,
(2) Upon default, a vendor in an agreement or contract for deed has a possesso-ry interest in the property subject to the agreement or contract.
Thereafter, the court entered judgment in the amount of $13,540 for the appellant.
Since we are unable to determine from the final judgment how the trial court arrived at the award of $13,540, or whether the trial court based its ruling on the affirmative defenses of Oxford First Corporation, we reverse and remand for further proceedings to allow the trial court to reconsider its award and set forth the basis for its ruling.
In so holding, we note that any unrecorded agreements for deeds with third parties would not abrogate the contractual obligations of the appellee without some form of assent from the appellant.
Reversed and remanded with directions consistent herewith.
RYDER, A.C.J., and CAMPBELL, J., concur.